**Kenneth V. DOBSON, et al., Plaintiffs,**

v.

**Skip HOLLOWAY d/b/a Credit Bureau of Middle Georgia, Inc., et al., Defendants.**

**No. C.A. 92–201–4–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

Aug. 9, 1993.

**976**

Pamela M. Richards, Warner Robins, GA, for plaintiffs.

Hubert C. Lovein, Jr., Macon, GA and Herbert Laurence Wells, Perry, GA, for defendants.

### ORDER

OWENS, District Judge.

Plaintiffs Kenneth V. and Ira Dobson filed this action against Hamby Chevrolet ("Hamby") and the Credit Bureau of Middle Georgia (the "Credit Bureau"), alleging that they either willfully or negligently failed to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "Act"). Before the court are cross motions for summary judgment filed by plaintiffs Kenneth V. and Ira Dobson and defendants Hamby and the Credit Bureau. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby issues the following order.

---

**1.** The Credit Bureau never furnished plaintiff Ira Dobson's credit report to Hamby. (Meeks Affi-

### FACTS

On February 23, 1992, June Dobson entered into discussions with Hamby regarding the purchase of an automobile. Hamby, a member of the consumer reporting services of the Credit Bureau, used the Credit Bureau's reporting services to evaluate the credit worthiness of June Dobson and her husband, Kenneth D. Dobson.

Hamby's finance manager fed the names, current and former addresses, and social security numbers of June and Kenneth D. Dobson into Hamby's computer. In addition to printing out two files on Kenneth D. Dobson, the computer inadvertently printed out the credit report for Kenneth D. Dobson's father, plaintiff Kenneth V. Dobson.[1] That report contained negative credit information.

June Dobson claims that she was advised that her husband's credit report contained negative credit information. June Dobson further claims that she was shown plaintiff Kenneth V. Dobson's credit report. Hamby denies that it displayed the credit report to June Dobson.

Plaintiffs Kenneth V. and Ira Dobson have filed for summary judgment contending that they incurred damages because of the Credit Bureau and Hamby's impermissible use of their credit report. Defendants have also moved for summary judgment contending as a matter of law that they have not violated the Act.

### DISCUSSION

1. *The Credit Bureau of Georgia*

Plaintiffs have claimed that the Credit Bureau either willfully or negligently violated the Act by impermissibly using their credit report. Section 1681b(3) of the Act lists the permissible purposes for which a consumer reporting agency may furnish a consumer report. Among other purposes, a consumer report may be furnished to a person whom a consumer reporting agency has reason to believe "intends to use the information in

davit).

connection with a credit transaction involving the consumer on whom the information is to be furnished...." 15 U.S.C. § 1681b(3)(A).

### a. *Kenneth V. Dobson*

■ For purposes of the Credit Bureau's motion, the court assumes that Kenneth V. Dobson's credit file was furnished for an impermissible purpose. The fact that a consumer report is furnished for an impermissible purpose, however, does not result in automatic liability. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir.1982). Liability is imposed only when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, *i.e.*, § 1681b. §§ 1681n & 1681o. In this case, there is no evidence that the Credit Bureau willfully violated the Act.

Consumer reporting agencies are required to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under § 1681b. 15 U.S.C. § 1681e(a). Those procedures include requiring "prospective users of the information to identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." *Id.*

■ To determine whether the consumer reporting agency maintained reasonable procedures, the standard of conduct is what a reasonably prudent person would do under the circumstances. *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir.1986), *cert. denied*, 483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766 (1987).

■ In the instant case, the information that was furnished to Hamby regarding the Dobsons was in response to a legitimate request for a consumer credit report. Hamby had previously certified to the Credit Bureau that it would only seek credit reports for permissible purposes, and the Credit Bureau obviously knew that an automobile dealership had a legitimate need for credit reports. "It is reasonable for a consumer reporting agency to assume that the user of its services will utilize the credit information obtained for a proper purpose." *Anderson v. Ray Brandt Nissan Inc., et al.*, No. 91–1162, 1991 WL 211627, 1991 U.S. Dist. LEXIS 14550 (E.D.La. Oct. 9, 1991) (citation omitted).

Hamby entered into its computer Kenneth D. Dobson's name, address at 301 Willow, and social security number 260–47–6068. The Credit Bureau then used a "weighted value" system to match up the information provided by Hamby to those files it deemed most likely to be a match. Three files were printed out:

i. Kenneth D. Dobson at 210 Southland Street, social security number 260–47–6068

ii. Kenneth V. Dobson at 210 Southland Street, different social security number

iii. Dennis Dobson at 301 Willow, social security number 260–47–6068

Hamby had been instructed to destroy nonresponsive files.

Based on the foregoing, the court finds that the Credit Bureau maintained and followed reasonable procedures to limit the furnishing of consumer reports to the purposes listed under § 1681b. The court cannot think of a more reasonable method that could have been used under these circumstances.

Nonetheless, plaintiffs argue that no file containing a different social security number should ever be produced. However, this would be too limiting as social security numbers are sometimes transposed or are erroneous. Moreover, if the computer search stopped with the social security number, valuable credit histories on individual consumers that have been reported under different social security numbers would not be reported to users. Thus, the computer search does not stop with the social security number, but looks at names, addresses, and other information in order to find a match.

To illustrate an example of this, Hamby received a report not only on Kenneth D. Dobson, but also a report on credit which Kenneth D. Dobson had obtained using the name Dennis Dobson. If the search had been limited to identical names, this file would never have been printed out.

Consequently, there being no genuine issue of material fact, the court hereby **DENIES** plaintiff Kenneth V. Dobson's motion

for summary judgment and **GRANTS** the Credit Bureau's motion for summary judgment.

b. *Ira Dobson*

██ Ira Dobson has no claim against the Credit Bureau because her credit report was never furnished to Hamby. The mere mention of her name in her husband's credit report does not create a cause of action under the Act. Consequently, plaintiff Ira Dobson's motion for summary judgment is **DENIED** and the Credit Bureau's motion for summary judgment is **GRANTED**.

2. *Hamby Chevrolet*

██ Plaintiffs' claim against Hamby is difficult to decipher. The court assumes that plaintiffs' claim is based on § 1681m since it is the only cause of action available against a user of consumer reports in the Act. Under § 1681m(a),

> [w]henever credit ... is denied or the charge for such credit ... is increased either wholly or partly because of information contained in a consumer report from a consumer reporting agency, the user of the consumer report shall so advise the consumer against whom such adverse action has been taken and supply the name and address of the consumer reporting agency making the report.

The disclosure requirement is the only requirement the Act places upon Hamby, as a user of consumer reports. Because Hamby never denied credit to plaintiffs Kenneth V. Dobson or Ira B. Dobson or charged them extra for credit, the disclosure requirement was never even triggered. Hence, Hamby cannot be held liable. Accordingly, plaintiffs' motion for summary judgment is **DENIED** and Hamby's motion for summary judgment is **GRANTED**.

### CONCLUSION

The court hereby **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendants' motions for summary judgment.

**SO ORDERED.**