876 F.Supp. 207 (1995)
Mark DOTZLER, Plaintiff,
v.
Ross PEROT, et al., Defendants.
Kevin LAUGHLIN, et al., Plaintiffs,
v.
Ross PEROT, et al., Defendants.
Nos. 4:94CV00887 GFG, 4:94CV00888 GFG.
United States District Court, E.D. Missouri, Eastern Division.
February 7, 1995.
Mark Dotzler, pro se.
Frank N. Gundlach, Armstrong and Teasdale, St. Louis, MO, Craig W. Budner, Kim J. Askew, Hughes and Luce, Dallas, TX, for Ross Perot, Perot Petition Committee, Mark Alan Blahnik and Russ Melbye.
W. Dennis Cross, David S. Ladwig, Morrison and Hecker, Kansas City, MO, for Calahan & Gibbons Group.
Alene V. Haskell, Husch and Eppenberger, St. Louis, MO, Lisa A. Kainee, Millisor and Nobil, Cleveland, OH, for U.S. Datalink, Inc.
G. Carroll Stribling, Ziercher and Hocker, St. Louis, MO, for Equifax Credit Information Services.
Daniel T. Rabbitt, Jr., Rabbitt and Pitzer, St. Louis, MO, for TRW, Inc.
Alan C. Kohn, Partner, Rebecca S. Stith, Associate, Kohn and Shands, St. Louis, MO, for Sandra Stone McClure.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant Equifax's motion to dismiss Count II of *208 plaintiffs' complaint for failure to state a claim.
In Count II, plaintiffs allege that Equifax furnished a consumer report on each plaintiff to defendant Callahan & Gibbons (C & G), that C & G had no permissible purpose for obtaining the reports and that Equifax knew or should have known that C & G had no permissible purpose for obtaining the reports. Accordingly, plaintiffs allege that, pursuant to 15 U.S.C. § 1681o, Equifax is subject to liability for negligent noncompliance with 15 U.S.C. § 1681b.
In Count III, plaintiffs allege that Equifax is required under 15 U.S.C. § 1681e to maintain reasonable procedures to ensure that reports are released for the purposes listed in § 1681b, that Equifax released the reports to C & G for a purpose other than one listed in § 1681b and that Equifax knew or should have known that its procedures for ensuring compliance with § 1681b were inadequate. Plaintiffs therefore allege that Equifax is subject to civil liability under § 1681o.
In its motion to dismiss, Equifax maintains that it cannot be subjected to civil liability simply because it furnished a report for an impermissible purpose. Equifax contends that its only duty under the Fair Credit Reporting Act (FCRA) in connection with § 1681b is to maintain reasonable procedures designed to ensure that it furnishes consumer reports for the purposes listed under § 1681b. Plaintiffs argue that statutory language contradicts Equifax's argument.
The FCRA imposes civil liability on any consumer credit reporting agency "which is negligent in failing to comply with any requirement imposed under this subchapter." 15 U.S.C. § 1681o. Section 1681b strictly limits the purposes for which a consumer reporting agency may furnish a consumer credit report. Generally, the statute permits a reporting agency to furnish reports to a person "which it has reason to believe" will use the reports for: credit transactions; employment purposes; the underwriting of insurance; a determination of the consumer's eligibility for a license; or business transactions involving the consumer. See 15 U.S.C. § 1681b(3).
Section 1681e, entitled "Compliance procedures," mandates that every consumer credit reporting agency "shall maintain reasonable procedures designed ... to limit the furnishing of consumer reports to the purposes listed under section 1681b." 15 U.S.C. § 1681e(a). Section 1681e(a) further provides:
These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.
Courts have held that "[t]he fact that a consumer report is furnished for an impermissible purpose ... does not result in automatic liability. Liability is imposed only when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e., § 1681b." Dobson v. Holloway, 828 F.Supp. 975, 977 (M.D.Ga.1993); see Klapper v. Shapiro, 154 Misc.2d 459, 586 N.Y.S.2d 846, 849-50 (N.Y.Sup.Ct.1992) (internal citations omitted); cf. Hauser v. Equifax, Inc., 602 F.2d 811, 814-16 (8th Cir.1979) (consumer reporting agency not held strictly liable for inaccurate information contained in consumer report; liability attaches only when agency fails to follow reasonable procedures to ensure accuracy).
Plaintiffs contend that § 1681o allows them to bring a civil action against an agency such as Equifax for negligently failing to comply with any requirement of the FCRA without regard to the procedures Equifax maintained. In support of this argument, plaintiffs cite Heath v. Credit Bureau of Sheridan, Inc., 618 F.2d 693 (10th Cir.1980). Plaintiffs reliance on Heath is misplaced, however. Heath did not address whether *209 liability could be imposed solely for releasing a credit report for an impermissible purpose without regard to whether the reporting agency had reasonable procedures in place as required by § 1681e. Moreover, as Equifax points out, by providing that reporting agencies shall "maintain"[1] reasonable procedures to comply with § 1681b, § 1681e(a) requires reporting agencies to both set up and follow the mandated procedures. This undercuts plaintiffs' argument that a credit reporting agency could avoid liability under the FCRA simply by setting up procedures which it refuses to follow.
Accordingly, IT IS HEREBY ORDERED that Equifax's motion to dismiss Count II of plaintiffs' complaint is granted.
NOTES
[1] "Maintain" means to continue or carry on. Webster's New Riverside University Dictionary 717 (1984).